## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| **JOSE DE ANDA and ELVIRA DE ANDA** | § | |
| | § | |
| **v.** | § | |
| | § | **CASE NO. _____** |
| **COVINGTON SPECIALTY INSURANCE** | § | |
| **COMPANY and BRIAN WILSON** | § | |
| | § | |

## NOTICE OF REMOVAL

COMES NOW, Defendant, COVINGTON SPECIALTY INSURANCE COMPANY, and files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

### I.      BACKGROUND

1.      On May 4, 2017, Plaintiffs Jose De Anda and Elvira De Anda filed this action in the 92nd Judicial District Court of Hidalgo County, Texas, bearing cause no. C-2064-17-A (the "State Court Action") against Defendant and Brian Wilson.  Plaintiffs' Original Petition (the "Complaint") filed on May 4, 2017, is the live pleading in this case.  (A copy of the Complaint is attached hereto in accordance with 28 U.S.C. § 1664(a) as **Exhibit C-1**.)

2.      Defendant Covington was served with Plaintiff's Complaint on May 25, 2017. Thus, this Notice of Removal of the case to the United States District Court is timely filed by Defendants, it being filed not more than thirty (30) days after service of the Complaint on Defendant, in accordance with 28 U.S.C. §§ 1441 and 1446.  Defendant Brian Wilson has not been served with the Complaint nor has he appeared in this lawsuit.

### II.     BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

3.      Removal of the state court action to this Court is proper pursuant to 28 U.S.C. §§

1332 and 1441(a) and (b) because:  (1) there is complete diversity between Plaintiffs and the properly joined defendant, Covington, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**A.      Complete diversity exists between Plaintiffs and the properly joined defendant, Covington.**

4.      Plaintiffs' state court action may be removed to this Court because it arises under 28 U.S.C. § 1332.

5.      Plaintiffs are individuals residing in Mission, Texas and are citizens of the State of Texas.

6.      Defendant Covington is a foreign surplus lines insurance company incorporated in New Hampshire and has its principal place of business in Atlanta, Georgia; therefore, Covington is a citizen of New Hampshire and Georgia.

7.      The only named defendant with any ties to Texas is the individual adjuster, Brian Wilson, who has been improperly joined.

8.      Thus, there is complete diversity of citizenship between Plaintiffs and the only properly joined defendant, Covington.

**B.      Wilson was improperly joined.**

        ***i.      Applicable standard for improper joinder.***

9.      The removing party bears the burden of showing that federal jurisdiction exists and that removal of proper.[1]   Under Section 1441(b), while complete diversity of citizenship must exist between all plaintiffs and all defendants to establish federal subject matter jurisdiction, only the citizenship of *properly* joined parties can establish federal subject matter

---

[1] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

jurisdiction.[2]   The doctrine of improper joinder "prevents defeat of federal removal jurisdiction premises on diversity jurisdiction by an improperly joined, non-diverse defendant."[3]   Citizenship of an improperly joined defendant is disregarded entirely in determining whether complete diversity exists.[4]   "Normally, a court reviewing allegations of fraudulent joinder should refrain from conducting an evidentiary hearing by may utilize a summary judgment-like procedure."[5] "A defendant may submit and the court may consider affidavits and deposition transcripts in support of the defendant's removal petition."[6]

10.    Improper joinder is established when the removing party meets the burden of showing either (1) there was actual fraud in pleading the jurisdictional facts; or (2) the plaintiff is unable to establish a cause of action against the non-diverse defendant under state law.[7]   In order to establish the second ground for improper joinder, the removing party bears the burden of proving that there is "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[8] "This possibility [of recovery], however, must be reasonable, not merely theoretical."[9] "[W]hether the plaintiff has stated a valid state law cause of action depends upon and is tied to the factual fit between the plaintiffs' allegations and the pleaded theory of recovery."[10]

11.    The Fifth Circuit Court of Appeals recently held that federal courts should use the federal court pleading standard when conducting the Rule 12(b)(6)-type analysis of an improper

---

[2] *See* 28 U.S.C. § 1441(b); *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 572 (5th Cir. 204).
[3] *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009).
[4] *Smallwood*, 385 F.3d at 572.
[5] *Delgado v. Shell Oil Co.*, 231 F.3d 165, 179 (5th Cir. 2000) (citing *Burchett v. Cargill*, 48 F.3d 173, 176 (5th Cir. 1995)).
[6] *TAJ Property, LLC v. GAB Robins North America, Inc.*, 2011 WL 2162321, at *2 (S.D. Tex. 2011) (citing *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990)).
[7] *Smallwood*, 385 F.3d at 572; *Canto v. Wachovia Mortg., FSB*, 641 F. Supp.2d 602, 606 (N.D. Tex. 2009).
[8] *Smallwood*, 385 F.3d at 572.
[9] *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002).
[10] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 199).

joinder claim to determine if the plaintiff has stated a claim against a non-diverse defendant.[11]  A plaintiff fails to state a claim upon which relief may be granted as required under Federal Rule Civil Procedure 12(b)(6) where a plaintiff's factual allegations do not show a right to relief that is plausible and above mere speculation.[12]  "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[13]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[14]  "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."[15]

12.    To avoid a dismissal for failure to state a claim, a plaintiff must plead *specific facts*, not mere conclusory allegations.[16]  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[17]  The Court must not accept as true conclusory allegations or unwarranted deductions of fact.[18]  The United States Supreme Court has made clear that a plaintiff is obliged to produce "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action *will not do*."[19]  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice," and something more than "unadorned 'the-defendant-unlawfully-harmed-me accusation' is needed."[20]

---

[11] *Int'l Energy Ventures Management, LLC v. United Energy Group, Limited*, 818 F.3d 193, 200 (5th Cir. 2016); *see also Buettner v. USA Gymnastics*, No. 4:16-CV-0157-A, 2016 SL 2918107, at *2 (N.D. Tex. May 18, 2016).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[13] *Id.*
[14] *Id.* at 678.
[15] *Id.*
[16] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1997)).
[17] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[18] *Collins*, 224 F.3d at 498.
[19] *Twombly*, 550 U.S. at 555 (emphasis added).
[20] *Iqbal*, 556 U.S. at 667.

> ii. *There is no reasonable basis for the Court to predict that Plaintiffs might be able to recover against Wilson; therefore Wilson was improperly joined.*

13.     There is no reasonable basis to predict that Plaintiffs might be able to recover on any of their claims against Wilson, the adjuster assigned to inspect the alleged damage to the property at issue in this case.[21]

> a.     **Chapter 541 of the Texas Insurance Code.**

14.     In their Complaint, Plaintiffs allege that that "Defendants" violated the following sections of the Texas Insurance Code: 541.060(a)(1); 541.060(a)(2)(a); 541.060(a)(3)-(4); and 541.060(a)(7).[22]  Specifically, Plaintiffs allege that all Defendants (1) failed to promptly explain the denial of the claim; (2) failed to conduct a reasonable investigation into the claim; and (3) misrepresented the coverages of the policy at issue.  However, **Chapter 541 does not provide liability for inadequate investigations by adjusters or adjusting companies**.  Rather, it provides liability for unfair settlement practices by insurers, which Wilson did not have – nor has it been alleged he had – authority to do on behalf of Covington in this case.

15.     Section 541.060(a)(3) provides that it is an unfair settlement practice to "fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]"[23]  The Court in *Mainali Corp. v. Covington Specialty Ins. Co.* held that "an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide to a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise or settlement of a claim."[24]  For these same reasons, the Court in this case should determine that Plaintiffs failed to state a claim against Wilson under

---

[21] *See* Complaint at ¶ 4.3.
[22] *Id.* at pgs. 12-13.
[23] Tex. Ins. Code § 541(a)(3).
[24] *Mainali Corp. v. Covington Specialty Ins. Co*, 2015 WL 5098047, at *4 (N.D. Tex. Aug. 31, 2015).

Section 541.060(a)(3). Wilson, as the adjuster, also had no obligation to provide Plaintiffs with a reasonable explanation of the basis in the policy for the insurer's determining regarding the claim, and neither did Wilson have authority to offer a compromise or settlement of the claim.

16.     Section 541.060(a)(7) prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim."[25] The court in *Messersmith* held "the bad behavior that the statute targets is an insurer's refusal to pay under certain circumstances."[26] The court further held that "[t]hose who can be held liable are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation."[27] Here, Plaintiffs have not and cannot allege Wilson is "the insurance company" or an "individual at the insurance company" such that he would be liable under Section 541.060(a)(7).

17.     Several federal courts have held, "even though an adjuster is a 'person' under the Insurance Code, an adjuster cannot be held liable for violations of the Code unless he causes an injury distinguishable from the insurer's actions."[28] "In other words, **the adjuster must have committed some act prohibited by the statute, not just be connected to an insurance company's denial of coverage.**"[29] Further, "**post loss statements regarding coverage are not misrepresentations under the Insurance Code.**"[30] Just as in the cited cases, Wilson's alleged actions are – and as plead – indistinguishable from Covington alleged actions concerning the investigation into Plaintiffs' insurance claim asserted against Landmark. For these reasons, and

---

[25] Tex. Ins. Code § 541.060(a)(7).

[26] *Messersmith*, 10 F.Supp.3d at 725.

[27] *Id.*

[28] *Aguilar v. State Farm Lloyds*, No, 4:15-CV-565-A, 2014 WL 5714654, at *3 (N.D. Tex. Sept. 28, 2015) (citing *Nasti v. State Farm Lloyds*, No, 4:13-CV-1413, 2014 WL 710458, at *3 (S.D. Tex. 2014) and *Novelli v. Allstate Tex. Lloyd's*, 2012 WL 949675, at *4-5 (S.D. Tex. 2012)).

[29] *Id.* (citing *Messersmith*, 10F.Supp.3d at 724) (emphasis added).

[30] *Id.* (citing *Tex. Mut. Ins. Co. v. Ruttinger*, 381 S.W.3d 430, 445-56 (Tex. 2012); *One Way investments, Inc. v. Centry Surety Co.*, 2014 WL 6991277, at *4-5 (N.D. Tex. Dec. 11, 2014)) (emphasis added).

the reasons detailed below, Wilson was improperly joined.

**C.    Amount in Controversy Exceeds $75,000.**

19.    Plaintiffs seeks monetary relief in an amount over $100,000[31]  Because the face of the Complaint establishes that Plaintiff seeks damages in excess of $75,000, excluding interest and costs, the amount in controversy requirement for removal set forth in 28 U.S.C. § 1446(c)(2)(A)-(B) is satisfied.

### III.   CONSENT TO REMOVAL

20.    All defendants join in or consent to the removal of this case to federal court.  28 U.S.C. § 1446(b)(2)(A).  Consent of Defendant Wilson is not required because he has not been served or properly joined to this lawsuit.  *See Harper v. Auto Alliance Int'l, Inc.*, 392 F.3d 195, 201 (6th Cir. 2004).

### IV.   VENUE

21.    Venue for removal is proper in this district and division because this district embraces the 92nd Judicial District Court of Hidalgo, Texas, the forum in which the removed action was pending.

### V.    ATTACHMENTS

22.    Covington has provided notice to Plaintiffs through delivery of a copy of this Notice and the state court Notice of Filing of Notice of Removal to Plaintiffs' counsel of record, and has also provided notice to the Clerk of the Court for the 92nd Judicial District Court of Hildalgo County Texas through the filing of this Notice and the Notice of Filing of Notice of Removal into the record of the state court action.

23.    Copies of all pleadings, process, order, requests for trial by jury, and other filings in the state court action are attached to this Notice as required by 28 U.S.C. § 1446(a).

---

[31] *See* Complaint at ¶ 98.

24.     The following documents are being filed with this Court as exhibits to this Amended Notice of Removal:

**A.     Listing of all parties and counsel of record;**

**B.     Civil cover sheet;**

**C.     A copy of Plaintiffs' Original Petition (C-1); and a copy of the state court docket sheet (C-2).**

WHEREFORE, Defendant, Covington Specialty Insurance Company, respectfully prays that this cause be removed to this Court and this Court accept jurisdiction of this action. Defendants further pray that this Court place this action on its docket for further proceeds as though it had originated in this Court and that this Court issue all necessary orders.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_____/ s / Joelle G. Nelson_____
JOELLE G. NELSON
Texas Bar No. 24032501
SHANNON L. SNIDER
Texas Bar No. 24081157
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
(713) 659-6767 Telephone
(713) 759-6830 Facsimile
joelle.nelson@lewisbrisbois.com
shannon.snider@lewisbrisbois.com
**ATTORNEYS FOR DEFENDANT,
COVINGTON SPECIALTY INSURANCE
COMPANY**

**<u>CERTIFICATE OF SERVICE</u>**

  I hereby certify that the foregoing Notice of Removal was served in accordance with the Federal Rules of Civil Procedure on this 8th day of June, 2017, on the following counsel of record:

Martin Phipps
J. Gabriel Ortiz
PHIPPS LLP
102 9th Street
San Antonio, Texas 78215
gortiz@phippsllp.com
drossi@phippsllp.com
*Attorneys for Plaintiffs*

*/s/ Joelle G. Nelson*
Joelle G. Nelson
